## (June 25, 1969)

■ REGINA M. LANZARONE et al., Respondents, v. NASSAU COUNTY BOARD OF ELECTIONS et al., Appellants, et al., Respondent.— In a proceeding to compel (1) consecutive numbering of petitions for the Party position of Democratic Party County Committeeman in the 10th and 11th Election Districts of the 9th Assembly District, Town of Oyster Bay, Nassau County, and (2) inclusion of petitioners' names on ballots for said position in the Democratic Party Primary Election of June 17, 1969, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 17, 1969, which granted the application. Judgment reversed, on the law and the facts, without costs, and proceeding dismissed. The proceeding was not timely commenced. Beldock, P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.

## (June 30, 1969)

■ In the Matter of WILLIAM J. FITZGERALD. — This application by a former attorney for reinstatement as an attorney and counselor-at-law was on January 2, 1969 referred to the Committee on Character and Fitness for the Second Judicial District for investigation, hearing, and report which would include recommendations. The committee's report has been received by the court. Upon charges of professional misconduct against petitioner and Bernard L. Broome in their practice of law as associates, they were disbarred by this court, petitioner on October 24, 1960 and Broome on April 3, 1961. The Court of Appeals reversed Broome's disbarment and granted him a new hearing; thereafter Broome was again disbarred, but this court vacated that disbarment and, pursuant to his stipulations and an order of this court dated September 29, 1965, he was suspended from the Bar pending determination of the disciplinary proceeding against him; and on May 1, 1969 this court, after finding him guilty on three of the charges, restored him to the Bar in view of the fact, on the question of the extent of the discipline to be imposed, that he had been precluded from practice for more than eight years. The report of the Committee on Character and Fitness, dated June 16, 1969, states that "the Committee has found that the petitioner [Fitzgerald] presently possesses the requisite character and fitness for an attorney and counselor-at-law and recommends that he be reinstated at the Bar." Under all the circumstances herein, the application is granted and petitioner's name is directed to be restored to the roll of attorneys and counselors-at-law, effective forthwith. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.